IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERANCE DAWSON,. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:06-CV-1057-WKW |
| ) | (JURY DEMAND) |
| CITY OF MONTGOMERY; ) | |
| GUINN TIMMERMAN ) | |
| individually, and in his official capacity as ) | |
| an officer, agent, or employee of the City ) | |
| of Montgomery, Alabama ) | |
| ) | |
| Defendants. ) | |

RECEIVED
2006 NOV 27 P 4: 26

## COMPLAINT

### I. INTRODUCTION

1.  The complaint seeks to recover damages, secure equitable and other relief, and to redress the deprivation of rights and privileges of a citizen of the United States. This action arises under the United States Constitution, particularly, the Fourth and Fourteenth Amendments, and under the laws of the United States. The Plaintiff seeks pendant jurisdiction of his state tort claims.

### II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States and pursuant to 28 U.S.C. § 1343, in that the action seeks to redress the deprivations of rights via 42 U.S.C. § 1983.

3.  Venue is proper in that the claims arose in this judicial district; the Plaintiff and Defendant Timmerman reside in and the City of Montgomery is located in this judicial district.

### III. PARTIES

4.  Plaintiff TERANCE DAWSON (hereinafter Dawson), is a citizen of the United States of America, and a resident of the County of Montgomery and the City of Montgomery, Alabama.

5.  GuinnTimmerman (hereinafter Timmerman), is now, and at all times mentioned, duly

appointed, employed police officer of the City of Montgomery, Alabama. He is sued in his individual and official capacities as a police officer for the City of Montgomery.

6. The City of Montgomery (hereinafter City) is, and at all times mentioned, a municipal corporation, organized and existing under the laws of Alabama, and is located in the County of Montgomery, Alabama. It is the employer of Defendant Timmerman. Timmerman performed all the acts complained of in the name of the City.

## IV. FACTS

7. On November 27, 2004, around 9:00 P.M., in the City of Montgomery, Plaintiff was driving his automobile, when suddenly another vehicle—unmarked and unidentified as a police vehicle—driven by Defendant Timmerman, pulled up alongside Plaintiff, and Timmerman yelled for Plaintiff to pull his car to the side. Timmerman was not in uniform.

8. At that time, Plaintiff did not know who Timmerman was or that Timmerman was a police officer, so he did not stop. Defendant Timmerman began pointing his finger at Plaintiff and start yelling, "Pull that car over."

9. Then, Defendant Timmerman held up something appearing to be a badge. At that point, because he did not know if the person driving the other vehicle was indeed a police or just a person heckling him, Plaintiff drove his vehicle to a lighted area at Kentucky Fried Chicken, located just a few yards away. Defendant Timmerman followed him.

10. Plaintiff opened his vehicle door, attempted to exit the vehicle to go and use the bathroom; however, without identifying himself as a police officer, Defendant Timmerman ordered Plaintiff to get back into the car and place his hands on the steering wheel. Simultaneously, Plaintiff's cellular telephone began ringing, and Plaintiff attempted to answer it. But Defendant Timmerman stated, "You better not answer that phone." He told Plaintiff that if Plaintiff removed his hands from the steering wheel, exited the vehicle, or answered the phone, he would arrest him.

11. Even though Plaintiff desperately needed to used the bathroom and wanted to answer his phone

he obeyed Timmerman because Timmerman's actions frightened him and believe that Defendant Timmerman would physically harm him or would arrest him if, indeed, he was a police officer.

12. Believing that Timmerman was indeed a police officer, Plaintiff asked Timmerman what had he done for Timmerman to stop him. Timmerman screamed in the presence of several people that Plaintiff was drunk, on dope, on crack and that Plaintiff looked as if he was full of crack. In the presence of several people, Timmerman continued accusing Plaintiff of being a crack addict.

13. Without charging Plaintiff or informing him of any violation that Plaintiff had allegedly committed, Timmerman refused to allow Plaintiff to exit his vehicle or to leave. After detaining Plaintiff for about15 minutes, Timmerman called the "DTOC" unit of the City's Police Department.

14. Shortly, two uniformed officers from the Montgomery Police Department came to the area; they took from the car a one-little bottle of soft drink; they smelled the bottle and gave it back to the Plaintiff. At that time, the officers advised the Plaintiff that because Timmerman, a non-uniformed officer, had called for the unit to come to test him for drugs, it was the policy of the Police Department that they perform a sobriety test; therefore, they were required to perform a sobriety test, despite the fact they did not smell alcohol or drugs or could not see the physical presence of alcohol or drugs.

15. Therefore, on the orders of these two police officers, the Plaintiff exited his vehicle; the officers searched him, going through his pockets; however, they found no drugs. Thereafter, they asked for a drivers' license, which the Plaintiff produced. At that point, they asked Plaintiff to do a field sobriety test; he complied and passed the test.

16. Despite the fact that the officers saw no drugs, smelled no alcohol or drugs, found no drugs on Plaintiff; they searched the Plaintiff's vehicle; their search produced no drugs or an evidence of drugs.

17. After the police officers had (1) examined Plaintiff, (2) viewed and smelled the soft drink (3) given him a field sobriety test, which he passed; (4) searched him (5) searched his vehicle, and (6) reviewed a drivers' license, they determined there was no reason for Plaintiff to be detained an longer.

18. The Plaintiff attempted to get into his vehicle and leave. Timmerman detained him and told him that he could not drive the vehicle and ordered him to "park" it; confiscated Plaintiff's drivers' license, and told Plaintiff that if he drove the vehicle, he would arrest him for being intoxicated.

19. Plaintiff asked the other officers if he could drive the vehicle; they told him that it was the policy of the City's Police Department that because Timmerman had made the "stop," they could not interfere with his decision; therefore, he should comply with Timmerman's order. Because he feared he would be arrested, Plaintiff left his vehicle at Kentucky Fried Chicken.

20. Plaintiff was not, at the time of the events alleged in this complaint, or any other time, committing any offense against the ordinances of the City or against the statutes of the State of Alabama. Plaintiff had not ingested alcohol or drugs; he does not ingest alcohol or illegal drugs.

21. The above described actions by Timmerman was malicious and without reasonable or probable cause, and was instituted by Timmerman, and maintained and ratified by the City to cover up and justify defendant Timmerman's offensive and malicious acts and conduct in illegally arresting, seizing, imprisoning, punishing, harassing, annoying, and oppressing Plaintiff Dawson. Timmerman's conduct was intentional or reckless; extreme and outrageous; and caused emotional distress and mental anguish, so severe that no reasonable person could be expected to endure it.

## Federal Claim
### Count I Illegal Seizure, Imprisonment

22. Defendant Timmerman willfully, knowingly, and with specific intent, deprived Dawson of his rights to freedom from illegal searches and seizure of his persons and effects, and of his rights to freedom from unlawful detention and imprisonment, both of which rights are secured to the persons by the Fourth and Fourteenth Amendments to the Constitution of the United States.

23. By reason of the defendants' acts, Plaintiff Dawson was improperly imprisoned or seized, and deprived of his freedom and liberty.

24. Defendant Timmerman's actions injured to suffer humiliation and mental anguish.

25. Defendant Timmerman acted maliciously and without probable cause, and his action deprived plaintiff of his constitutional rights, and he retaliated against Plaintiff.

## Count II Denial of Substantive and Procedure Due Process

26. Timmerman's action denied Plaintiff of his due process rights.

**Pendant State Claims**
## Count III Conversion

27. Defendant Timmerman converted Plaintiff's vehicle in that their actions amount to an illegal misuse of Plaintiff's vehicle; and a wrongful detention of the vehicle or interference with Plaintiff's use and enjoyment of the vehicle.

## Count IV Invasion of Privacy

28. Defendant Timmerman invaded the privacy the Plaintiff by publishing false information about the Plaintiff which he knew or should have known would have reached the general public. He called Plaintiff a drug addict and crack addict in the presence several persons.

## Count V Slander

29. Defendant Timmerman's statement that Plaintiff was a drug addict and a crack addict did not have any factual basis; he knew those facts to be false, and he published these statement to embarrass or to annoy the Plaintiff; indeed, Plaintiff was embarrassed and cumulated by these false statements.

## Count VI
## Tort of Outrage/Intentional Infliction of Emotional Distress

30. Defendant Timmerman's conduct was intentional or reckless; extreme and outrageous; and caused emotional distress so severe that no reasonable person could be expected to endure it.

**Relief**

31. The Plaintiff repeats and re-alleges paragraphs 1 through 29 as if expressly set forth here at length, and the Plaintiff therefore requests against defendants the following;

(A) A declaratory judgment, holding that the actions of the defendants violated the Plaintiff's rights:

    (1) to due process;

    (2) to be free from punishment without due process of law, and

(B) Compensatory damages against each defendant on each claim;

(C) Punitive damages against Defendant Timmerman in the amount of $500,000.00;

(D) Cost of suit; including attorney fees;

(E) Pendant jurisdiction to consider state claims; and compensatory against the defendants and punitive damages against Defendant Timmerman; and

(F) The Plaintiff requests other and further relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Done this 27th day of November, 2006.

*[signature]*
Terance Dawson, Pro Se
P.O. Box 6050
Montgomery, AL 36106
(334) 561-4011