**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TERANCE DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 2:06-CV-1057-WKW |
| CITY OF MONTGOMERY; GUINN | ) | |
| TIMMERMAN individually, and in his | ) | **ANSWER OF CITY OF MONTGOMERY** |
| official capacity as an officer, agent, or | ) | **AND GUINN TIMMERMAN and** |
| employee of the City of Montgomery, | ) | **MOTION TO DISMISS GUINN** |
| Alabama, | ) | **TIMMERMAN IN HIS OFFICIAL** |
| | ) | **CAPACITY** |
| Defendants. | ) | |
| | ) | |

    **COMES NOW** the Defendant, City of Montgomery ("City") and Guinn Timmerman

("Timmerman") by and through the undersigned attorney, and for answer to Plaintiff's

Complaint states as follows:

<u>I. INTRODUCTION</u>

    1.    Defendants deny any and all material allegations contained in Plaintiff's

Introduction to Complaint and demand strict proof thereof.

<u>JURISDICTION AND VENUE</u>

    2.    Defendants admit jurisdiction is proper in the Untied States District Court for the

Middle District of Alabama, Northern Division.

    3.    Defendants admit venue is proper in the Untied States District Court for the

Middle District of Alabama, Northern Division.

### III.PARTIES

4.      Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5.      Defendants admit the allegations in paragraph 5.

6.      Defendants admit the City of Montgomery (hereinafter City) is, and at all times mentioned, a municipal corporation, organized and existing under the laws of Alabama, and is located in the County of Montgomery, Alabama and it is the employer of Defendant Timmerman.  Defendants are without sufficient information to either admit or deny all other allegations in paragraph 6 and therefore deny and demand strict proof thereof.

### IV. FACTS

7.      Defendants admit the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9.      Defendants admit that Timmerman showed his badge and that Plaintiff drove his vehicle to a lighted area at Kentucky Fried Chicken and Timmerman followed him.  The Defendants deny the other allegations in paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.      Defendants deny the allegations in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11.      Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12.    Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13.    Defendants deny the allegations in paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14.    Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15.    Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16.    Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17.    Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18.    Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19.    Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20.    Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.    Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

### Federal Claim
Count I Illegal Seizure, Imprisonment

22.    Defendants deny the allegations in paragraph 22 of Plaintiff's complaint and demand strict proof thereof.

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's complaint and demand strict proof thereof.

24.     Defendants deny the allegations in paragraph 24 of Plaintiff's complaint and demand strict proof thereof.

25.     Defendants deny the allegations in paragraph 25 of Plaintiff's complaint and demand strict proof thereof.

**Count II Denial of Substantive and Procedure Due Process**

26.     Defendants deny the allegations in paragraph 26 of Plaintiff's complaint and demand strict proof thereof.

**Pendant State Claims**

**Count III Conversion**

27.     Defendants deny the allegations in paragraph 27 of Plaintiff's complaint and demand strict proof thereof.

**Count IV Invasion of Privacy**

28.     Defendants deny the allegations in paragraph 28 of Plaintiff's complaint and demand strict proof thereof.

**Count V Slander**

29.     Defendants deny the allegations in paragraph 29 of Plaintiff's complaint and demand strict proof thereof.

**Count VI Tort of Outrage/Intentional Infliction of Emotional Distress**

30.     Defendants deny the allegations in paragraph 30 of Plaintiff's complaint and demand strict proof thereof.

<u>Relief</u>

31.    Defendants deny the allegations in paragraph 31 of Plaintiff's complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Defendants plead the general issue.

### SECOND AFFIRMATIVE DEFENSE

2.    Defendants aver that they are entitled to the discretionary function immunity set out in §6-5-338 Ala. Code (1975) as to the Pendant State law claims.

### THIRD AFFIRMATIVE DEFENSE

3.    Defendants plead qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

4.    Defendants plead and aver that the Plaintiff was contributory negligent.

### FIFTH AFFIRMATIVE DEFENSE

5.    Defendants reserve the right to amend these affirmative defenses as allowed by the Court.

### SIXTH AFFIRMATIVE DEFENSE

6.    The City of Montgomery pleads the affirmative defense of substantive immunity.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The City of Montgomery pleads that no intentional tort claim is viable against a municipality. § 11-47-190 Ala. Code (1975).

### EIGHTH AFFIRMATIVE DEFENSE

8.    The City of Montgomery affirmatively pleads that no alleged policy or custom of the City of Montgomery caused a violation of Plaintiff's civil rights.

### NINTH AFFIRMATIVE DEFENSE

9.    The City of Montgomery affirmatively pleads immunity from punitive damages and that Alabama's statutory cap on damages is applicable.

### TENTH AFFIRMATIVE DEFENSE

10.    The City of Montgomery avers that it would have taken the adverse action complained of despite any protected trait or status.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendants assert that the Complaint fails to state a cause of action upon which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Defendants deny that Plaintiff is entitled to any relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendants plead the general issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendants deny all material allegations not specifically admitted and demand strict proof thereof.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendants plead that Plaintiff is not entitled to any award of damages.

### RESERVATION OF DEFENSES

Defendants reserve the right to plead additional affirmative defenses as they become known in the course of discovery.

### MOTION TO DISMISS DEFENDANT TIMMERMAN IN HIS OFFICIAL CAPACITY

In his Complaint, Plaintiff has sued Defendant Timmerman, "in his individual capacity and his official capacity as an officer for the Montgomery Police Department." *Complaint, p. 2.*

In reviewing this issue in a previous case involving the City of Montgomery, this Court has found it to be "well established that 'suits against an official in his or her official capacity are suits against the entity the individual represents.'" Wallace v. City of Montgomery, 956 F. Supp. 965 (M.D.Ala., 1996) *citing* Parker v. Williams, 862 F.2d 1471, 1476 n.4 (11th Cir.1989) *see also* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 n.55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed. 611 (1978) (indicating that "official-capacity suits generally represent only another way of pleading action against an entity of which an officer is an agent"); Welch v. Laney, 57 F.3d 1004, 1007 (11th Cir. 1995); Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990). "The Supreme Court of the United States has expressly extended this principle to municipalities and their officers, noting that 'there is no longer a need to bring official capacity suits against local government officials [since] local government units can be sued directly for damages and injunctive or declaratory relief.'" Wallace v. City of Montgomery, 956 F. Supp. 965 (M.D.Ala., 1996) *citing* Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 3106 n.14, 87 L.Ed.2d 114 (1985).

While the official capacity suit may have its place in an action against the state or federal government because of the absolute immunity afforded them, it has no place in an action against a municipality, which no longer enjoys that absolute immunity. Since the Plaintiff has already named the City of Montgomery as a Defendant directly, his claim against Guinn Timmerman in his official capacity is rendered redundant. This official capacity claim, then, is a claim for which relief cannot be granted. 12(b)(6) Fed. R. Civ. Pro.

## CONCLUSION

This action is precluded by Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim "upon which relief can be granted." 12(b)(6) Fed. R. Civ. Pro. The official capacity suit filed against this defendant likewise fails to state such a claim because it is redundant.

Respectfully submitted this the 20th day of December, 2006.


   /s/Michael D. Boyle
MICHAEL D. BOYLE (BOY032)
Staff City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed as follows on this the 20th day of December, 2006:

> Terrance Dawson
> Post Office Box 6060
> Montgomery, Alabama  36106

>    /s/ Michael D. Boyle
> Of Counsel