IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERANCE DAWSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br>CITY OF MONTGOMERY; GUINN TIMMERMAN individually, and in his official capacity as an officer, agent, or employee of the City of Montgomery, Alabama,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:06-CV-1057-WKW<br>)<br>) **BRIEF IN SUPPORT OF MOTION TO**<br>) **DISMISS GUINN TIMMERMAN IN HIS**<br>) **OFFICIAL CAPACITY**<br>)<br>)<br>)<br>) |

**COMES NOW,** the Defendants, City of Montgomery and Guinn Timmerman by and through the undersigned counsel and submit this Brief in Support of their Motion to Dismiss Detective Guinn Timmerman in his official capacity in the above-styled action.

### STATEMENT OF THE FACTS

In his Complaint, Plaintiff has sued Defendant Timmerman, "in his individual capacity and his official capacity as an officer for the Montgomery Police Department." *Complaint, p. 2* as well as the City of Montgomery.

Detective Timmerman was traveling down Ann St. in the direction of Madison Avenue. When Detective Timmerman came to a stop at the intersection, he was the second car in line to turn left onto Madison Ave. The car in front of Detective Timmerman was (it was later determined) operated by Plaintiff Terrance Dawson.

When the light turned green, the car in front of Detective Timmerman turned left into the eastbound lane of Madison Ave. while traveling west. Detective Timmerman

completed his left hand turn onto Madison Ave. traveling west in the appropriate lane. While traveling west, Detective Timmerman continued to observe this vehicle in the wrong lane traveling the wrong direction.

The vehicle operated by Terrance Dawson then turned left onto Mount Meigs Road and continued to travel in the incorrect lane for the direction of travel. At this time Detective Timmerman called for a marked patrol unit to assist him. Detective Timmerman then pulled alongside the vehicle, showed the occupant his badge and instructed him to pull over into the parking lot. At that time, the driver complied. Once the marked patrol unit arrived, Detective Timmerman left the scene.

After Detective Timmerman left the scene, the patrol unit conducted a field sobriety test, and released Mr. Dawson to go. Subsequently Mr. Dawson then filed this complaint for relief.

## ARGUMENT

In reviewing this issue in a previous case involving the City of Montgomery, this Court has found it to be "well established that 'suits against an official in his or her official capacity are suits against the entity the individual represents.'" Wallace v. City of Montgomery, 956 F. Supp. 965 (M.D.Ala., 1996) *citing* Parker v. Williams, 862 F.2d 1471, 1476 n.4 (11th Cir.1989) *see also* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 n.55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed. 611 (1978) (indicating that "official-capacity suits generally represent only another way of pleading action against an entity of which an officer is an agent"); Welch v. Laney, 57 F.3d 1004, 1007 (11th Cir. 1995); Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990). "The Supreme Court of the United States has expressly extended this principle to municipalities and their officers, noting that 'there is no longer a need to bring official

capacity suits against local government officials [since] local government units can be sued directly for damages and injunctive or declaratory relief.'" Wallace v. City of Montgomery, 956 F. Supp. 965 (M.D.Ala., 1996) *citing* Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 3106 n.14, 87 L.Ed.2d 114 (1985).

While the official capacity suit may have its place in an action against the state or federal government because of the absolute immunity afforded them, it has no place in an action against a municipality, which no longer enjoys that absolute immunity. Since the Plaintiff has already named the City of Montgomery as a Defendant directly, his claim against Guinn Timmerman in his official capacity is rendered redundant. This official capacity claim, then, is a claim for which relief cannot be granted. 12(b)(6) Fed. R. Civ. Pro.

## CONCLUSION

This action is precluded by Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim "upon which relief can be granted." 12(b)(6) Fed. R. Civ. Pro. The official capacity suit filed against this defendant likewise fails to state such a claim because it is redundant.

Respectfully submitted this the 1st day of February, 2007.

/s/Michael D. Boyle
MICHAEL D. BOYLE (BOY032)
Staff City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed as follows on this the 1st day of February, 2007:

      Terrance Dawson
      Post Office Box 6060
      Montgomery, Alabama  36106


                                              /s/ Michael D. Boyle
                                              Of Counsel