IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERANCE DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06cv1057-WKW |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is defendant, Guinn Timmerman's motion to dismiss in his official capacity (Doc. #6). Plaintiff, Terence Dawson has filed a response (Doc. #9) stating that he has no objection to the suit being dismissed against Officer Timmerman in his official capacity. Upon consideration of the motion, the Magistrate Judge RECOMMENDS that the motion be GRANTED.

**I. BACKGROUND**

On November 27, 2004, plaintiff alleges that he was driving his automobile, when suddenly an unmarked police vehicle driven by Officer Timmerman, pulled up alongside of plaintiff and yelled for plaintiff to pull his car to the side. Plaintiff claims that he did not know that Timmerman was a police officer so he did not stop. Dawson's claims that Timmerman held up something that appeared to be a badge so plaintiff drove his car to a lighted area at Kentucky Fried Chicken and stopped his vehicle. Plaintiff claims that he

attempted to exit his vehicle to use the bathroom but Officer Timmerman ordered him to get back into the car and place his hands on the steering wheel. Dawson alleges that his cell phone then rang and when he attempted to answer it, he was told that if he removed his hands from the steering wheel, exited the vehicle, or answered the phone, he would be arrested.

 Mr. Dawson claims that he then asked Officer Timmerman why he was stopped, and Timmerson yelled in the presence of several people that plaintiff was drunk, on dope, and looked as if he was full of crack. Plaintiff alleges that he was detained in his car for about 15 minutes while defendant called the DT OC unit of the City's Police Department. He states that two uniform officers from the Montgomery Police Department came to the area, and performed a sobriety test, despite the fact that they did not smell alcohol or drugs. Plaintiff states that the officer searched him, and performed a field sobriety test which he passed. Plaintiff claims that after he passed the field sobriety test he attempted to get into his vehicle and leave. He claims that Timmerman detained him and told him that he could not drive the vehicle and ordered him to park it. He claims that Timmerman confiscated his drivers license and told him that if he drove the vehicle he would arrest him for being intoxicated.

 Plaintiff claims that at the time of the events alleged in the complaint that he had not violate any city or state laws; and had not ingested alcohol or drugs. Plaintiff maintains that Timmerman's actions were malicious and without reasonable or probable cause, and alleges that the city covered up Timmerman's actions to justify his illegal conduct and illegally

arresting, seizing, imprisoning, punishing, harassing, annoying, and oppressing plaintiff.

Plaintiff has filed his complaint pursuant to 42 U.S.C. §1983, alleging false imprisonment, and denial of substantive and procedural due process. He also alleges state claims of conversion; invasion of privacy; slander; intentional infliction of emotional distress, and outrage. As relief, Plaintiff seeks punitive and compensatory damages, as well as attorney fees and expenses.

## II. DISCUSSION

Defendant alleges that the suit against officer Timmerman should be dismissed in his official capacity, because it is "well established that suits against an official in his or her official capacity are suits against the entity the individual represents". Wallace v. City of Montgomery, 956 F.Supp.965 (M.D.Ala,1966) citing: Parker v. Williams, 862 F.2d. 1471,1476 (11th Cir. 1989). Plaintiff argues that it is unnecessary to sue Defendant Timmerman in his official capacity because the true party at interest, i.e. the City is already a party to the suit. Plaintiff offers no contrary argument and agrees that Defendant Timmerman should be dismissed from the suit in his official but not individual capacity. The Magistrate Judge finds that the Defendant has correctly stated the law and recommend that Officer Timmerman be dismissed from the case in his official capacity.

## CONCLUSION

For the reason stated above, it is the **RECOMMENDATION** of the Magistrate Judge that Officer Timmerman be dismissed as a defendant in this case in his official but not

individual capacity. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 23rd day of February, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE