IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERANCE DAWSON**, <br>     Plaintiff, <br> <br> v. <br> <br> **CITY OF MONTGOMERY**, and <br> **GUINN TIMMERMAN**, individually, <br>     Defendants. | ) <br> ) <br> ) <br> ) Case No. **2:06-CV-1057-WKW-WC** <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR ENLARGEMENT OF TIME

COME NOW the above-named Defendants, pursuant Rule 6 of the Federal Rules of Civil Procedure, and respectfully move this Court for an enlargement of time and leave to file a dispositive motion in this case, stating as grounds therefore:

1. Trial in this matter is currently set during the March 24, 2008, trial term, with pre-trial set for February 20, 2008. Also, per this Court's Order (Doc. 20), the parties are to contact Judge Capel before January 11, 2008, to schedule mediation. Defendants called Judge Capel's chambers on December 21, 2008. Yesterday, the undersigned reminded Plaintiff of the requirement and deadline and offered to set up a conference call with Judge Capel's chambers to schedule the mediation.

2. As previously noted in their Motion to Continue (Doc. 19) Defendants have struggled a great deal to accommodate Plaintiff during the discovery process. Plaintiff has steadfastly refused to engage in the litigation process on anything other than his terms, which until now have frustrated every effort by Defendants to obtain information necessary to prepare for trial. Defendants take very seriously their duty under Fed. R. Civ. Proc. Rule 37(a)(1) to make good faith effort to obtain discovery without court action, and acted accordingly by making every effort to work with Plaintiff,

especially because he is pro se. Defendants were unable to complete their dispositive motion within the time allowed by this Court's Order, because they were relying on Plaintiff to comply with the requirements of Rule 26, Federal Rules of Civil procedure. Defendants humbly submit that this was excusable neglect on their part because they were acting in good faith in reliance on Plaintiff to follow the rules but were unable to complete their motion without information they could only get in discovery, and which they only received yesterday after this Court intervened in discovery. See Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489, 507 U.S. 380, 123 L.Ed.2d 74 (1993) (in which the Supreme Court interpreted a similar "excusable neglect" standard in the Federal Rules of Bankruptcy Procedure to permit the bankruptcy courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control" in appropriate cases).

    3.    After dealing with repeated cancellations and outright refusals to cooperate, Defendants were finally able to depose Plaintiff yesterday, January 3, 2008, thanks to this Court's Order (Doc. 20) that Plaintiff comply with his Rule 26 discovery obligations. In the course of yesterday's depositions several new material facts[1] came to light, in addition to the information Defendants expected to elicit. Defendants respectfully submit that these new facts strongly support summary judgment in their favor, and that these facts could not have been independently found or proven by Defendants, without testimony and information from Plaintiff himself.

---

[1] Defendants have not disclosed here with specificity the new information that was discovered yesterday because this case will definitely proceed to trial unless this motion is granted and identifying the specific information and how it benefits the defendant outside of a motion for summary judgment would prejudice Defendants at trial.

4. Federal courts have the inherent power to manage their dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (courts have an "inherent power" governed by the control necessarily vested in courts to manage their own affairs). See also e.g. Czetli v. Secretary, DOC, 212 Fed.Appx. 879, 880, 2006 WL 3791250, 1 (11th Cir. 2006), citing Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir.1972)[2]. The Court's power to enlarge time under Rule 6(b) is employed to achieve "the just, speedy, and inexpensive determination of every action" as required by Rule 1, Federal Rules of Civil Procedure.

5. Allowing Defendants an opportunity to use newly discovered evidence, where delays in completion of discovery were not caused by Defendants but by the Plaintiff, is within the inherent power of the Court and would serve the interests of justice and judicial efficiency. Defendants are filing this motion now because it was only yesterday that discovery was substantially completed and that Defendants received the information they needed to properly prepare a dispositive motion.

6. Defendants make this request in good faith, and aver that based on newly discovered evidence, this matter is very likely to be resolved on motion for summary judgment. Further, granting of this motion would not unduly prejudice the Plaintiff, as Defendants are not requesting that the final trial date be postponed.

7. Defendants are prepared to file their dispositive motion within days of their receipt of the transcript of yesterday's deposition. Defendants respectfully request leave to file a dispositive motion that incorporates yesterday's deposition, no later than Monday, January 21, 2008, which is 30 days before pretrial set in this matter, which

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

should allow time to consider the motion and any response thereto without postponing the trial.

WHEREFORE, premises considered, Defendants respectfully move this Court for an enlargement of time and leave to file a dispositive motion now that discovery has finally been accomplished in this case, and that a new deadline for dispositive motions be set for January 21, 2008, or whatever date this Court deems just and proper.

Respectfully submitted this 4th day of January 2008.

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendants

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to:

Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106.

/s/ Allison H. Highley
Of Counsel