IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 JAN 10  A: 44
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TERANCE DAWSON, | ) |
| Plaintiff | ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-01057-WKW |
| CITY OF MONTGOMERY and; GUINN TIMMERMAN | ) |
| Defendants. | ) |

### RESPONSE TO ORDER/REQUEST FOR COURT TO ORDER DEFENDANTS TO COMPLY WITH DISCOVERY OBLICATION UNDER RULE 26.

COMES NOW Plaintiff Terance Dawson, Pro Se, and responds to this Honorable Court order of December 21, 2007, and the Defendants pleadings indicating that I have not complied with discovery.

1. The Plaintiff has complied with discovery.

2. The Defendants complain to this Court that I have caused delays in responding to their discovery. The delays, if any, were cause by the Defendants.

3. The Defendants submitted discovery requesting me to produce my medical records. I responded that I was not in possession of such records, but would request such records from the medical providers and insurance companies. I told the Defendants that I would sign a medical release giving them permission to request my medical records from the medical providers. It was not until January 3, 2008, at deposition that the Defendants submitted to me a medical release authorization which requested medical records until 2009.

4. Also, despite the fact that I have asked the Defendants' attorney not to send discovery requests to my employment e-mail, the Defendant's counsel continued to serve discovery and pleadings via e-mail at my employment. She did so doing the holidays, when I

was away from work from December 10, 2007-January 2, 2008. As a matter of fact, Defendants gave notice of the deposition to me on my employment e-mail. The actions of the Defendants, not the actions of mine, have caused the delays.

5. This Court has stated that the parties have an obligation under Rule 26 to engage in discovery. The Defendants have not engaged in good faith in their discovery response.

6. For example, Defendant Timmerman has maintained that he called for a patrol unit because he feared for his safety. In response to my question did he call for a unit to test me for drug and alcohol use, he responded that he did not call for a "Detox Unit" on the night of my arrest. Evidence in the possession of the Defendants clearly disputes Defendant Timmerman's statement. He clearly did call for a "Detock Unit." There is an audiotape in the Defendants' possession of Defendant Timmerman's request. I have requested a copy of Defendant Timmerman's conversation/request from the City; however, Defendants' counsel has refused to provide a copy to me.

7. The only request that I have made of the Plaintiff is the request for the above-referenced audiotape; Defendants have refused to produce.

8. Defendants' counsel should have produced this audio under Rule 26.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court order Defendants, pursuant to their obligation under Rule 26, to produce the above referenced audio of the November 26-27 conversation of Defendant Timmerman requesting that a "Detoc Unit" be dismissed to ascertain if I was under the influence.

Terance Dawson, Pro Se
P.O. Box 6050
Montgomery, AL 36106
(334) 561-4011

## CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of January, 2008 filed a copy of this document with the Clerk of the Court, who will perfect service upon the following using the CM/ECF SYSTEM.

Allison H. Highley, Esq.
City of Montgomery
Legal Department
P.O. Box 1111
Montgomery, AL 3601-1111

*/s/ Terance Dawson*
Terance Dawson

3