**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TERANCE DAWSON**, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **2:06-CV-1057-WKW-WC** |
| | ) |
| **CITY OF MONTGOMERY**, and | ) |
| **GUINN TIMMERMAN**, individually, | ) |
| Defendants. | ) |

**<u>DEFENDANTS' RESPONSE TO MOTION TO COMPEL</u>**

COME NOW the above-named Defendants, and respectfully submit this Response to Plaintiff's *Response to Order / Request for Court to Order Defendants to Comply with Discovery Obligation Under Rule 26* (Doc. 25), which is essentially a motion to compel discovery:

1.      The Order (Doc. 20) to which Plaintiff is responding, was filed on December 21, 2007, and ordered both parties to file motions to compel or other request for the resolution of discovery disputes by January 4, 2008. Defendants did not file any such motion at that time because their discovery was substantially completed by the depositions held on January 3, 2008. Plaintiff acknowledged his receipt of the Order (Doc. 20) in an email to the undersigned dated December 28, 2007. A copy of that email is attached hereto as Exhibit 1.

2.      Defendants deny that Defendants caused any delays in discovery and incorporate by reference their problems with discovery as stated in their previous motions (Doc. 19 and Doc 22) as if set forth fully herein.

3.      Plaintiff's discovery responses were due October 25, 2007, but were not dated until November 30, 2007, and not received by Defendants until December 3, 2007,

which was 39 days after their due date. See Plaintiff's Responses to Defendant's Discovery Requests, attached as Exhibit 2.

4.      Plaintiff has never supplemented his discovery responses, nor has he attempted to obtain records as he said he would.

5.      In his Response to Order, Plaintiff correctly says that he offered to sign a medical release giving Defendants permission to request his medical records in his discovery responses. Plaintiff does not reveal to the Court that after depositions on January 3, 2008, Plaintiff declined to sign release forms and informed Defendants that his medical records from November 27, 2004 to the present are irrelevant to this case. Defendants accepted this representation by Plaintiff as true and have not pursued the medical record issue any further. See Letter dated January 3, 2008, confirming the conversation, attached as Exhibit 3.

6.      Plaintiff makes it seem as if he asked that his government email address not be used from the beginning and that Defendants have sent all discovery requests to that address. This is not the case. Defendants sent their Interrogatories and Requests for Production by U.S. Mail. See Letter dated September 25, 2007, attached as Exhibit 4. Then, when Plaintiff later claimed he had misplaced his copy, Defendants sent him another copy by U.S. Mail. See Letter dated November 5, attached hereto as Exhibit 5. Earlier that day, Defendants had already sent a Notice of Deposition by U.S. Mail. See Letter dated November 5, attached hereto as Exhibit 6.

7.      Until Plaintiff called to say he had misplaced his copy of Defendants' Interrogatories and Requests for Production, Defendants had no way to contact Plaintiff other than by U.S. Mail, because all of the telephone numbers he had provided had been

disconnected. On November 5, 2007, at Defendants' request, Plaintiff gave Defendants his office telephone number and his office email address for notices and to send him documents for his review. Plaintiff admits as much in his email dated December 28, 2007, where he says "I provided you with my state e-mail address so that you could share fyi information with me."

8.     Contrary to his stated desire not to use his government email for case-related correspondence, just before midnight on January 1, 2008, Plaintiff emailed to ask that Officer Timmerman be available for the deposition on January 3, 2008. See Email, attached hereto as Exhibit 7. Despite having only one day's notice, Defendants treated this email as a Notice of Deposition and were able to make arrangements with Officer Timmerman to be available. Defendants sent their Notice of this Deposition on December 27, 2007, by email and U.S. Mail, and although it was sent during the holidays, Plaintiff acknowledged receipt by email the following day (Exhibit 1), and confirmed he would be back in Montgomery by January 2nd or 3rd.

9.     Defendants deny Plaintiff's allegation that they have not responded to discovery requests in good faith. The only discovery request Plaintiff has made was the request to have Defendant Timmerman available for a deposition the next day. Defendants did so, and Plaintiff deposed Defendant Timmerman. Otherwise, Plaintiff never propounded even informal discovery requests upon the Defendants.

10.     On January 9, 2008, the undersigned called Plaintiff for his availability for court-ordered mediation. See Letter dated January 9, 2008, attached hereto as Exhibit 8. At the conclusion of that telephone call, Plaintiff said that he wanted a copy of an audio tape he thought the City might have. See Exhibit 8. The undersigned explained that the

time for discovery had ended and that he would have to ask permission from the Court to extend the deadline. See Exhibit 8.

11.    Defendants will fully comply with their obligations with regard to discovery, if this Court grants Defendant leave to extend discovery. Defendants are not aware of an obligation under the rules that would require them to produce documents in response to an oral request for production after the deadline for discovery has passed, and a special deadline for resolving all discovery matters has also passed.

WHEREFORE, premises considered, Defendants respectfully move this Court deny Plaintiff's motion or clarify Defendants' obligation with regard to Plaintiffs oral request for a copy of an audio recording Plaintiff suspects Defendants may have.

Respectfully submitted this 11th day of January 2008.


/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendants

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to:

Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

/s/ Allison H. Highley
Of Counsel

4

# Exhibit 1

**Highley, Allison**

| | |
|---|---|
| **From:** | Dawson, Terance [Terance.Dawson@dhr.alabama.gov] |
| **Sent:** | Friday, December 28, 2007 7:18 AM |
| **To:** | Highley, Allison |
| **Cc:** | Dawson, Terance |
| **Subject:** | RE: Notice of Deposition |

Allison, I am away from Montgomery and have been for the last couple of weeks, with the exception of late Wednesday night on 12/26/07 I came through Montgomery and had not received any correspondence from you but from the court. I am not scheduled to be back in Montgomery until Wednesday 1/2/08 or Thursday 1/3/08 I will telephone you then and you have my phone number as well 251-751-9766 or 561-4011....

I provided you with my state e-mail address so that you could share fyi information with me.

I can not allow the State of Alabama's E-mail system to become a part of my official correspondence in non State of Alabama business.

Please note that your e-mailed attachment was not present therefore I am unaware of the contents of the documents.

For all official correspondence please use P. O. Box 6050 Montgomery 36106 thanks.

**From:** Highley, Allison [mailto:ahighley@montgomeryal.gov]
**Sent:** Thu 12/27/2007 4:06 PM
**To:** Dawson, Terance
**Subject:** Notice of Deposition

Dear Mr. Dawson,

Please find attached a Notice of Deposition on Thursday, January 3, 2008, at 9:00 a.m. I will see you then.

Thanks,

Allison H. Highley
Associate City Attorney
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CONFIDENTIALITY NOTICE
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this internet message is **attorney-client privileged and confidential information** intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or are not sure whether it is privileged, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERANCE DAWSON,                          )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )        CIVIL ACTION NO. 2:06-CV-01057-WKW
                                         )
CITY OF MONTGOMERY and;                  )
GUINN TIMMERMAN                          )
                                         )
        Defendants.                      )

## PLAINTIFF'S RESPONSES TO
## DEFNDANT'S DISCOVERY REQUESTS

The Plaintiff makes the following responses to the Defendant's discovery requests.

1.  Interrogatory # 1:    RESPONSE:        Nextel

Sprint                                    Cingular

2.  Interrogatory # 2:    RESOPNSE:
        Defendant Zimmerman and the two police officers who responded on the scene.  I do not have the phone numbers and addresses of these witnesses.

3.  Interrogatory # 3:    RESPONSE:        Terrance Dawson, P.O. Box 6050, Montgomery, AL  36106.

4.  Interrogatory # 4:    RESPONSE:        Speeding-dismissed, Improper turn-pled guilty, Speeding-dismissed;  Running stop sigh-dismissed; Running red light-guilt.

5.  Interrogatory # 5:    RESPONSE:        Three charges of domestic violence—dismissed, menacing-dismissed.

6.  Interrogatory # 6:    RESPONSE:        Municipal Court of Montgomery" Violation of family protection order-pled guilty.  2003 or 2004.  This information is in the possession and custody of the City of Montgomery.

7.  Interrogatory # 7:    RESPONSE:        NONE

8.  Interrogatory # 8:    RESPONSE:    Jackson Hospital, Montgomery, Alabama; Baptist South, Montgomery, Alabama;  Dr. Albert Lester, Montgomery, Alabama; Dr. Peter Shashy and Dr. Peter Shashy, Montgomery, Alabama; Dr. Daniel Ward, Montgomery, Alabama; Dr. Leroy Russell, Montgomery, Alabama; Dr. Barry Brown, Montgomery, Alabama; Mobile Eye, Ears, and Throat Center, Mobile Alabama;  Montgomery;  Dr. Teressa Brown, Montgomery, Alabama; Dr. Joe Jackson, Montgomery, Alabama.

9.  Interrogatory # 9:    RESPONSE:    Viagra-Dr. Shashy and Dr. Lester; Cialis-Dr. Shashy and Dr. Lester; Breathing machine-                ,

10.  Interrogatory # 10:   RESPONSE:   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; DOB 7-16-60.

11.  Interrogatory # 9:    RESPONSE:  I have not claimed a specific amount for money damages. I have sought damages for constitutional violations, and I have sought damages for mental anguish and emotion distress.

12.  Interrogatory # 9:    RESPONSE:  The Plaintiff, Officer Timmerman, the defendant, and the two police officers who were summoned to aid Officer Timmerman.

13.  Request for Production #1:    RESPONSE:  I am not in possession of such document: I will authorize the Defendant to access this information.

14.  Request for Production #2:    RESPONSE:  I am not in possession of such document.

15.  Request for Production #3:    RESPONSE:   Ready to produce when given a time and place to do so.

16.  Request for Production #4:    RESPONSE:  I do not have such documents in my possession; however, I will sign the proper release authorizing the Defendant to have the same produced from the provider:

17.  Request for Production #5:    RESPONSE:  I have no such documents at this time; however, when I obtain the same, I will provide these documents.

18.  Request for Production #6:    RESPONSE:  I have no such documents at this time; however, when I obtain the same, I will provide these document.

I certify that the foregoing responses are true to the best of my knowledge.

_Terrance Dawson_
Terrance Dawson

Done this  30thday of November 2007.

STATE OF ALABAMA          }
COUNTY OF MONTGOMERY    }

      I, the undersigned authority, a Notary Public in and for said State at Large, hereby certify that Terrance Day who being by me first duly sworn, states that the statements are true and correct to the best of her knowledge and that she executed the same voluntarily on the day the same bears date.

      Given under my hand and official seal this 30thday of November 2007.

Notary Public

My Commission Expires: _11- 17- 2010_

P.O. Box 6050
Montgomery, AL 36106
(334) 561-4011
senddawsonback@aol.com


## CERTIFICATE OF SERVICE

      I hereby certify that I have this 30thh day of November, 2007  filed a forwarded a copy of this document  to the Defendant by placing the same in the U.S. Mail, postage prepaid, and addressed as follows:

Allison H. Highley, Esq.
City of Montgomery
Legal Department
P.O. Box 1111
Montgomery, AL  3601-1111

Terance Dawson

Exhibit 3

# WALTER R. BYARS

C I T Y   A T T O R N E Y

wbyars@montgomeryal.gov
tdavis@montgomeryal.gov



**KIMBERLY O. FEHL**
SENIOR STAFF ATTORNEY
kfehl@montgomeryal.gov

**C. MICHAEL McINNISH**
SENIOR STAFF ATTORNEY
mmcinnish@montgomeryal.gov

**WALLACE D. MILLS**
STAFF ATTORNEY
wmills@montgomeryal.gov

**ALLISON H. HIGHLEY**
ASSOCIATE ATTORNEY
ahighley@montgomeryal.gov

**MICHAEL D. BOYLE**
STAFF ATTORNEY
mboyle@montgomeryal.gov

January 3, 2008

Mr. Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

　　　　Re:　　Terance Dawson v. City of Montgomery, et al.

Dear Mr. Dawson:

I am writing to confirm that, in your sworn responses to interrogatories, you said that you would sign releases authorizing us to have your medical records. But today you told me that you would not authorize me to have any records after November 27, 2004 because they are not relevant to your case.

I will take you at your word that none of your records after that date are relevant, but because trial is quickly approaching, I would appreciate if you would please identify the medical records and providers prior to November 27, 2004, that you claim are relevant to this matter.

Also, as I reminded you this morning, we have been ordered to call by January 11, 2008, to schedule mediation in this case, and I offered to coordinate a conference call with the judge's office when you call me with your calendar information.

January 11th is next Friday, but I would rather place the call sooner rather than later, so please call me at your earliest convenience. I am scheduled to be in the office the remainder of this week and all of next.

Please feel free to call me at (334) 241-2050 with any questions or concerns.

Sincerely,

Allison H. Highley
Assistant City Attorney

:ahh

Exhibit 4

# WALTER R. BYARS

C I T Y   A T T O R N E Y

wbyars@montgomeryal.gov
tdavis@montgomeryal.gov

**KIMBERLY O. FEHL**
SENIOR STAFF ATTORNEY
kfehl@montgomeryal.gov

**WALLACE D. MILLS**
STAFF ATTORNEY
wmills@montgomeryal.gov

**MICHAEL D. BOYLE**
STAFF ATTORNEY
mboyle@montgomeryal.gov

**ALLISON H. HIGHLEY**
ASSOCIATE ATTORNEY
ahighley@montgomeryal.gov

September 25, 2007

Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

Re:    Terance Dawson v. City of Montgomery, et al

Dear Mr. Dawson:

Please find enclosed the City's first set of interrogatories and request for production of documents. Please note that your responses are due to me within 30 days.

You may call me at 241-2050, or email me at ahighley@montgomeryal.gov, with any questions.

Sincerely,

Allison H. Highley
Associate City Attorney

:ahh
Enclosure

Exhibit 5

# WALTER R. BYARS

C I T Y   A T T O R N E Y

wbyars@montgomeryal.gov
tdavis@montgomeryal.gov

**KIMBERLY O. FEHL**
SENIOR STAFF ATTORNEY
kfehl@montgomeryal.gov

**WALLACE D. MILLS**
STAFF ATTORNEY
wmills@montgomeryal.gov

**MICHAEL D. BOYLE**
STAFF ATTORNEY
mboyle@montgomeryal.gov

**ALLISON H. HIGHLEY**
ASSOCIATE ATTORNEY
ahighley@montgomeryal.gov

November 5, 2007

Mr. Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

    Re:    <u>Terance Dawson v. City of Montgomery, et al.</u>

Dear Mr. Dawson:

    This is to confirm the telephone conversation we just had wherein you asked for another copy of our interrogatories and requests for production of documents. You indicated you needed another copy because you had misplaced the set you received in September. Per your request, I have enclosed another copy of our discovery requests. As we discussed, I need your discovery responses as soon as possible, as trial in this matter is quickly approaching.

    During our conversation, I told you that you would also be receiving another letter about your discovery responses, along with a notice that I intend to depose you on Friday, November 16, 2007, at 9:00 a.m. You told me that you had to check your calendar and could not do so right away because you were about to leave for a meeting, but that you would do so afterwards and let me know if I needed to reschedule.

    You also gave me (334) 242-3122 as the best telephone number at which to reach you and confirmed that Post Office Box 6050, Montgomery, Alabama is still the best address for case-related mail.

    Please let me know immediately if anything in this letter is inaccurate, and call me if you have any problems complying with my discovery requests.

    Sincerely,

    Allison H. Highley
    Assistant City Attorney

:ahh
Enclosure

103 NO. PERRY STREET • MONTGOMERY, ALABAMA 36104
POST OFFICE BOX 1111 • MONTGOMERY, AL 36101-1111 • TELEPHONE (334) 241-2050 • FAX (334) 241-2310

Exhibit 6

# WALTER R. BYARS

C I T Y   A T T O R N E Y
wbyars@montgomeryal.gov
tdavis@montgomeryal.gov

**KIMBERLY O. FEHL**
SENIOR STAFF ATTORNEY
kfehl@montgomeryal.gov

**WALLACE D. MILLS**
STAFF ATTORNEY
wmills@montgomeryal.gov

**MICHAEL D. BOYLE**
STAFF ATTORNEY
mboyle@montgomeryal.gov

**ALLISON H. HIGHLEY**
ASSOCIATE ATTORNEY
ahighley@montgomeryal.gov

November 5, 2007

Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

Re:    <u>Terance Dawson v. City of Montgomery, et al</u>

Dear Mr. Dawson:

As you know, your discovery responses to me are overdue. I have given you extra time in which to respond to my request or to call me to work something out if you need more time, but I have not heard from you. I want to work with you if you are having trouble responding, but I cannot do anything for you if you continue to ignore me.

We have trial scheduled in February, and I need the information I have requested in time to adequately prepare for trial. If I do not receive your discovery responses by Friday, November 9, 2007, then I will have no choice but to ask the court to get involved.

I have also enclosed a notice that I am taking your deposition on November 16, 2007. As you know from my last letter to you, I have been unable to contact you using any of the telephone numbers I have for you, and was thus unable to coordinate a date and time for your deposition.

Unless I hear from you otherwise, **I will see you at 9 a.m. on Friday, November 16, 2007, in the Council Conference Room**. Be sure to bring all of the documents listed in the notice of deposition. Please call me at 241-2050 with any questions.

Sincerely,

Allison H. Highley
Associate City Attorney

:ahh
Enclosure

Exhibit 7

**Highley, Allison**

| | |
|---|---|
| **From:** | Dawson, Terance [Terance.Dawson@dhr.alabama.gov] |
| **Sent:** | Tuesday, January 01, 2008 11:29 PM |
| **To:** | Dawson, Terance; Highley, Allison |
| **Subject:** | RE: Notice of Deposition |

Please note that We agreed that we would start in the morning so that Officer Timmerman would be available.

**From:** Dawson, Terance
**Sent:** Friday, December 28, 2007 7:18 AM
**To:** Highley, Allison
**Cc:** Dawson, Terance
**Subject:** RE: Notice of Deposition

Allison, I am away from Montgomery and have been for the last couple of weeks, with the exception of late Wednesday night on 12/26/07 I came through Montgomery and had not received any correspondence from you but from the court. I am not scheduled to be back in Montgomery until Wednesday 1/2/08 or Thursday 1/3/08 I will telephone you then and you have my phone number as well 251-751-9766 or 561-4011....

I provided you with my state e-mail address so that you could share fyi information with me.

I can not allow the State of Alabama's E-mail system to become a part of my official correspondence in non State of Alabama business.

Please note that your e-mailed attachment was not present therefore I am unaware of the contents of the documents.

For all official correspondence please use P. O. Box 6050 Montgomery 36106 thanks.

**From:** Highley, Allison [mailto:ahighley@montgomeryal.gov]
**Sent:** Thu 12/27/2007 4:06 PM
**To:** Dawson, Terance
**Subject:** Notice of Deposition

Dear Mr. Dawson,

Please find attached a Notice of Deposition on Thursday, January 3, 2008, at 9:00 a.m. I will see you then.

Thanks,

Allison H. Highley
Associate City Attorney
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CONFIDENTIALITY NOTICE
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this internet message is **attorney-client privileged and confidential information** intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or are not sure whether it is privileged, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Exhibit 8

# WALTER R. BYARS

CITY ATTORNEY
wbyars@montgomeryal.gov
tdavis@montgomeryal.gov

**KIMBERLY O. FEHL**
SENIOR STAFF ATTORNEY
kfehl@montgomeryal.gov

**C. MICHAEL McINNISH**
SENIOR STAFF ATTORNEY
mmcinnish@montgomeryal.gov

**WALLACE D. MILLS**
STAFF ATTORNEY
wmills@montgomeryal.gov

**ALLISON H. HIGHLEY**
ASSOCIATE ATTORNEY
ahighley@montgomeryal.gov

**MICHAEL D. BOYLE**
STAFF ATTORNEY
mboyle@montgomeryal.gov

January 9, 2008

Mr. Terance Dawson
Post Office Box 6050
Montgomery, Alabama 36106

      Re:    <u>Terance Dawson v. City of Montgomery, et al.</u>

Dear Mr. Dawson:

      This is to confirm that today you called to say you might be available the 23rd, 24th or 25th for mediation. I will call Judge Moorer's chambers to schedule the mediation and will let you know which date the court can be available.

      You also said you would like a copy of an audio recording related to the traffic stop in your case. You asked me what the date was of the incident and I told you that although the complaint said it was November 27, 2004, some of my other documents seemed to indicate it might have occurred on November 26, 2004.

      I also explained to you that because the time for discovery had ended, you would have to ask the court to allow more time for discovery, and that the proper way to do that was to file a motion.

      Please feel free to call me at (334) 241-2050 with any questions or concerns.

      Sincerely,

      Allison H. Highley
      Assistant City Attorney

:ahh