**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERANCE DAWSON**, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **2:06-CV-1057-WKW** |
| | ) | |
| **GUINN TIMMERMAN**, | ) | |
|     Defendant. | ) | |

## DEFENDANT'S WITNESS LIST

COMES NOW Defendant Guinn Timmerman and hereby lists the witnesses he expects to call at trial.

    A.  Witnesses Defendant expects to call, other than solely for impeachment:

    1.    Guinn Timmerman, 320 N. Ripley Street, Montgomery, Alabama 36104

    2.    Terance Dawson, Post Office Box 6050, Montgomery, Alabama 36106

    B.  Witnesses Defendant may call, if necessary:

    3.    Any witness needed for impeachment or rebuttal

    4.    Any witness listed on Plaintiff's witness list

Respectfully submitted this 14th day of March 2008.

                                            /s/ Allison H. Highley
                                            Allison H. Highley (HIG024)
                                            Kimberly O. Fehl (FEH001)
                                            Attorneys for Defendants

OF COUNSEL:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to: Fred F. Bell, 1015 McDonough Street, Montgomery, Alabama 36104.

/s/ Allison H. Highley
Allison H. Highley (HIG024)

**Count I – Illegal Seizure, Imprisonment**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005)
Civil Rights Constitutional Claims – Instruction 2.2 (modified)
**Fourth Amendment Claim, Citizen Alleging
Unlawful Arrest - Unlawful Search**

In this case the Plaintiff claims that Defendant Guinn Timmerman, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendant Timmerman was acting under color of state law as a member of the Police Department of the City of Montgomery he intentionally violated the Plaintiff's constitutional right not to be:
  (a)  subjected to an unreasonable seizure of his person, and
  (b)  subjected to an unreasonable seizure of his vehicle and driver's license.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable cause and not to be subjected to an unreasonable search of one's person or vehicle.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be (a) subjected to an unreasonable search of his person, (b) subjected to an unreasonable search of his vehicle, or (c) detained without probable cause.

Second: That in so doing the Defendant acted "under color" of state law; and

Third: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The first aspect of the Plaintiff's claim is that the Plaintiff was detained without probable cause. Under state law, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a

misdemeanor offense in the presence of the officer. And, it is a misdemeanor offense for any person to be intoxicated and endanger the safety of another person or property.

The second aspect of the Plaintiff's claim is that there was an unreasonable search of the Plaintiff's home. As previously stated, the Constitution protects every citizen against "unreasonable" searches; and, ordinarily, this means that a search warrant must be obtained from a judicial officer before any search of a home may be made. There are, however, certain exceptions to this requirement. One such exception is a search conducted by consent. If a person in lawful possession of a home freely and voluntarily invites or consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent so given. Another exception is recognized in emergency situations in which a law enforcement officer, if the officer has a reasonable and good faith belief that there is a serious threat to the officer's safety or the safety of someone else, may enter and make a safety inspection for the purpose of insuring or protecting the wellbeing of the officer and others.]

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:
   (a) The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;
   (b) The reasonable cost of medical care and hospitalization;
   (c) Physical or emotional pain and mental anguish;

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages. If you find for the Plaintiff, and if you further find that the Defendant did act with malice or

reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].]

**2.2 Civil Rights, 42 USC § 1983 Claims**
**Fourth Amendment Claim**
**Citizen Alleging – Unlawful Arrest, Unlawful Search**
**SPECIAL INTERROGATORIES TO THE JURY**

Do you find from a preponderance of the evidence:

1. That Officer Timmerman intentionally committed acts that violated the Plaintiff's federal constitutional right not to be
    (a) subjected to an unreasonable search of his person
    (b) subjected to an unreasonable search of his vehicle
    (c) detained without probable cause.

Answer Yes or No _____

2. That Officer Timmerman's acts were the proximate or legal cause of damages sustained by the Plaintiff?

Answer Yes or No _____

Note: If you answered No to either Question No. 1 or Question No. 2, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the next page.

3. That the Plaintiff should be awarded damages to compensate for the reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts?

Answer Yes or No _____

If your answer was Yes, in what amount? $_____

4. That the Plaintiff should be awarded damages to compensate for the reasonable cost of medical care and hospitalization?

Answer Yes or No _____

If your answer was Yes, in what amount? $_____

5. That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

Answer Yes or No _____

If your answer was Yes, in what amount? $_____

6. That the Defendant acted with malice or with reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant.

Answer Yes or No _____

If your answer was Yes, in what amount? $_____

SO SAY WE ALL.


_____
Foreperson

DATED: _____

ANNOTATIONS AND COMMENTS
See the Annotations and Comments following Federal Claims Instruction 2.1, supra. In Graham v. M.S. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that all claims of excessive force against law enforcement
237
officials in the course of making an arrest, investigatory stop, or other "seizure" of an individual's person are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under the substantive due process standard applied in pre-1989 cases like Gilmere v. City of Atlanta, 774 F.2d 1495, 1500 (11th Cir. 1985), abrogation recognized by Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000).
The Graham Court re-emphasized that a "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." Id., 490 U.S. at 395 n. 10, 109 S.Ct. at 1871 n. 10 (quoting Terry v. Ohio, 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968)). The court left unanswered the question of whether the Fourth Amendment continues to protect individuals against the deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins. However, the court did state that the Due Process Clause clearly protects a pretrial detainee from the use of excessive force that amounts to punishment, and that the Eighth Amendment is the primary source of protection for post-conviction incidents of excessive force. Id.;

Bell v. Wolfish, 441 U.S. 520, 535-39, 99 S.Ct. 1861, 1871-74, 60 L.Ed.2d 447 (1979); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In the Eleventh Circuit, "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1196 (11th Cir. 2003) (quotes and cite omitted); see also Whiting v. Tunica County, 222 F.Supp.2d 809, 822-23 (N.D. Miss. 2002) (collecting circuit-split cases); 3B Fed. Jury Prac. & Instr. § 165.20 at 601 (5th ed. 2001). Accordingly, this instruction deals with the case in which a citizen is the complainant. Federal Claims Instruction 2.3.1, infra, deals with the case in which a convicted inmate is the complainant (asserting a claim under the Eighth Amendment); and Federal Claims Instruction 2.4.1, infra, deals with the case in which a pretrial detainee is the complainant (asserting a claim under the Due Process Clause of the Fourteenth Amendment).

Where a case is litigated under the first two sections of the foregoing pattern charge (i.e., that the plaintiff was seized or arrested and/or unreasonably searched without probable cause), a "pretext" instruction may be warranted. See Arkansas v. Sullivan, 532 U.S. 769, 772, 121 S.Ct. 1876, 1878, 149 L.Ed.2d 994 (2001) (so long as arrest is supported by probable cause, the Fourth Amendment is not violated, even if the officer had a pretextual subjective motive for stopping the driver for speeding); U. S. v. Bookhardt, 277 F.3d 558, 565 (D.C. Cir. 2002) (even if the stop is a pretext for a search, the officer's subjective intent is irrelevant so long as there was probable cause to believe the driver had committed a traffic violation); U. S. v. Dhinsa, 171 F.3d 721, 724-25 (2d Cir. 1998) (officer's use of traffic violation as

238

pretext to stop car in order to obtain evidence of more serious crime is of no constitutional significance).

If this charge is adapted for use in automobile-search cases, consider instructing that the Fourth Amendment's protections against "unreasonable searches and seizures" include searches conducted during "brief investigatory stops of persons or vehicles that fall short of traditional arrest." U. S. v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). But searches can follow arrests for minor offenses - - even those that are punishable only by a fine. Atwater v. City of Lago Vista, 532 U.S. 318, 354,121 S.Ct. 1536, 1557, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (upholding custodial arrest for traffic violations); see also Brookins v. Rafferty, 59 Fed.Appx. 983 (9th Cir. 2003) ("window-tint" violation). And "[t]he existence of probable cause . . . is an absolute bar to a section 1983 action for false arrest." Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990).

Nominal damages are also available in this context. Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir. 1996) (nominal damages available to remedy Fourth Amendment excessive force claim); Dawkins v. Huffman 25 Fed. Appx. 107 (4th Cir. 2001) (District Court was required to award nominal damages in § 1983 action in which plaintiff established violation of his Fourth Amendment rights, but did not prove actual injury); Shain v. Ellison 273 F.3d 56, 67 (2d Cir. 2001); 3B Fed. Jury Prac. & Instr. § 166.61 (5th ed. 2001). But they should not exceed $1.00, Carey v. Piphus,

435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980), and are waivable. See Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001) (waived by failing to request nominal damages instruction or object to lack of such an instruction).


Count III – Conversion
(a) Description of the Plaintiff's claim(s), followed by
(1) Enumeration of the essential elements of the
claim(s).
(2) Definition of key terms used in enumerating
the elements of the claim(s); and other
special instructions, if any, necessary to
further explain or qualify the claim(s).
(b) Description of the Defendant's defense(s) and
counterclaim(s), if any, followed by
(1) Enumeration of the essential elements of the
defense(s) and counterclaim(s), if any.
(2) Definition of key terms used in enumerating
the essential elements of the defense(s) and
counterclaims; and other special instructions,
if any, necessary to further explain or qualify
the defense(s) and/or the counterclaim(s).
(c) Enumeration of Plaintiff's (and counterclaimant's)
recoverable elements of damage and explanation,
as appropriate, of each element.


2 Ala. Pattern Jury Instr. Civ. 39.00 (2nd ed.)

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2007

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter 39. Conversion

APJI 39.00 General Definition

   A conversion is:
   1. The appropriation of the personal property of one person by another to (his)(her)(its) own use and benefit; or,
   2. By destruction of one's personal property by another; or,
   3. The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,
   4. Withholding the possession of personal property from the owner by another under a claim of title inconsistent with the owner's title.

Notes on Use

This charge is to be used whenever a general definition of conversion is considered necessary.

Greer v Carl Johnson Motor Co., 269 Ala 617, 144 So 2d 907 (1959)

Every unlawful act of intermeddling with the goods of another is a conversion and it is no answer to the true owner that the person so receiving the goods was ignorant of the owner's title

Moore v Stephens, 31 Ala App 446, 18 So 2d 577 (1944)

Geneva Gin & Storage Co. v Rawls, 29 Ala App 606, 199 So 732 (1940)

2 Ala. Pattern Jury Instr. Civ. 39.00A (2nd ed.)

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2007

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter 39. Conversion

APJI 39.00A Burden of Proof

In answer to the plaintiff's claim that the defendant converted the property of the plaintiff the defendant has denied the allegations in the complaint.
The burden of proof is on the plaintiff to reasonably satisfy you from the evidence that the defendant converted the property of the plaintiff as defined for you: [In one or more of the four definitions of Conversion APJI 39.00].
Notes on Use

To be used to charge on the Burden of Proof in conversion cases, where defendant pleads the general issue.

2 Ala. Pattern Jury Instr. Civ. 39.01 (2nd ed.)

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2007

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter 39. Conversion

APJI 39.01 Measure of Compensatory Damages

    The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six per cent (6%) per annum from the date of the conversion.
    If you are reasonably satisfied that the plaintiff has proven the defendant converted the plaintiff's property, the plaintiff would further have to prove to your reasonable satisfaction the amount of compensatory damages.
Notes on Use

    This charge may be used in any case when damage to personal property is claimed as a result of a conversion of the property.


2 Ala. Pattern Jury Instr. Civ. 39.02 (2nd ed.)

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2007

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter 39. Conversion

APJI 39.02 Damages—Punitive

    (REVISED)
    Punitive damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in legal malice, willfulness, insult, or other aggravating circumstances, or where conversion is done in known violation of the plaintiff's rights.
    Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.
Notes on Use

    This charge should be given where there is evidence that the conversion was the result of a trespass or was accompanied by insult or malice.
    For definition of punitive damages, see APJI 11.03.
    Liberty Nat. Life Ins. Co. v. Caddell, 701 So. 2d 1132 (Ala. Civ. App. 1997).
    B.F. Goodrich Co. v. Hughes, 239 Ala. 373, 194 So. 842 (1940).
    Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31 (1926).

Ala. Digest, Trover & <u>Conversion</u> ⚷60

2 Ala. Pattern Jury Instr. Civ. 39.05 (2nd ed.)

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2007

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter 39. Conversion

APJI 39.05 Return of Property—Mitigation of Damages

    If you are reasonably satisfied from the evidence that the defendant converted the plaintiff's property and you are further reasonably satisfied from the evidence that the property was returned to the plaintiff prior to trial, the return of such property does not amount to a waiver of any rights to recovery by the plaintiff, but may be considered by you in mitigation or reduction of the plaintiff's damages.
Notes on Use

    To be used in cases where the evidence indicates that the plaintiff received the property for which the action was brought prior to trial.
<u>Roebuck Auto Sales, Inc. v Wallace, 293 Ala 231, 301 So 2d 546 (1974)</u>


<u>Coffee General Hosp. v Henderson, 338 So 2d 1022 (1976, Ala App)</u>