**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **TERANCE DAWSON**, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. **2:06-CV-1057-WKW** |
| ) | |
| **GUINN TIMMERMAN**, ) | |
|     Defendant. ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COMES NOW Defendant Guinn Timmerman, and respectfully requests that this Court give the proposed jury instructions attached hereto as separate exhibits for the Court's convenience, in addition to the basic instructions given in any case.

Respectfully submitted this 14th day of March 2008.

                                          /s/ Allison H. Highley
                                          Allison H. Highley (HIG024)
                                          Kimberly O. Fehl (FEH001)
                                          Attorneys for Defendants

OF COUNSEL:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to: Fred F. Bell, 1015 McDonough Street, Montgomery, Alabama 36104.

                                          /s/ Allison H. Highley
                                          Allison H. Highley (HIG024)

Jury Charge _____

**Count I – Fourth Amendment Claim, Citizen Alleging Unlawful Arrest**

In this case the Plaintiff claims that Defendant Guinn Timmerman, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant Timmerman was acting under color of state law as a member of the Police Department of the City of Montgomery he intentionally violated the Plaintiff's constitutional right not to be subjected to an unreasonable seizure of his person or property.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable cause and not to be subjected to an unreasonable seizure of one's property.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> **First**: That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be (a) detained without probable cause, or (b) subjected to an unreasonable seizure of his property.
>
> **Second**: That in so doing the Defendant acted "under color" of state law; and
>
> **Third**: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The first aspect of the Plaintiff's claim is that the Plaintiff was detained without probable cause. Under state law, <u>a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. And, it is a misdemeanor offense for any person to be intoxicated and endanger the safety of another person or property</u>.

> *Addition to the Pattern Instruction:*
>
> The second aspect of the Plaintiff's claim is that there was an unreasonable seizure of the Plaintiff's property. As previously state, the Constitution protects every citizen against "unreasonable" seizures. To establish a Fourth Amendment violation, the plaintiff must prove that there was in fact a seizure of his property, and that the seizure was unreasonable. A seizure is not unconstitutional unless it is "unreasonable."
>
> Regarding the first element, a seizure occurs when there is some meaningful interference with an individual's possessory interest in property.
>
> Whether the seizure of the plaintiff's property was reasonable is the next inquiry. The Fourth Amendment "reasonableness" standard carefully balances governmental versus private interests. In conducting this balancing test, we are to consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."
>
> Sources: Soldal v. Cook County, Ill., 506 U.S. 56, 60, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992); United States v. Gordon, 231 F.3d 750, 754 (11th Cir. 2000); Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979).

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a) The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;

      (b) The reasonable cost of medical care and hospitalization;

      (c) Physical or emotional pain and mental anguish;

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages. If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

---

Source: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005); Civil Rights Constitutional Claims – Instruction 2.2

Jury Charge _____

**Qualified Immunity**

Qualified immunity is an affirmative defense that shields governmental officials who are performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional right of which a reasonable person would have known.

To be shielded from suit by qualified immunity, a public official must first show that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. In assessing whether Officer Timmerman's challenged actions are within the scope of his discretionary authority, you must examine whether he was pursuing a legitimate job-related function through means that were within his power to utilize.

Once Officer Timmerman has established that he was engaged in a discretionary function, the burden shifts to Mr. Dawson to prove that Officer Timmerman is not entitled to qualified immunity.

To do this, Mr. Dawson must prove:
(1) The facts establishing that a constitutional violation occurred, and
(2) That the constitutional right was clearly established at the time of the violation.

The constitutional right must have been one of which a reasonable police officer would have been aware.

---

Sources: Harlow v. Fitzgerald, 457 U.S. 800, 817-19 (1982); Anderson v. Creighton, 483 U.S. 635 (1987); Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004); Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004); Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); Harris v. Coweta County, Ga., 433 F.3d 807, 811 (11th Cir. 2005); Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001).

Jury Charge _____

**Probable Cause**

The existence of probable cause renders a seizure of person or property reasonable.

The burden is on the defendant to establish the existence of probable cause by showing that facts and circumstances known to Officer Timmerman were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing a crime.

The Fourth Amendment only prohibits "unreasonable" seizures. A traffic stop is one type of "seizure" under the Fourth Amendment.

An arrest is justified where police have probable cause to believe a crime has been committed; a brief investigatory stop is justified if police have reasonable suspicion based on articulable facts that the person has engaged in criminal activity.

If you find that Officer Timmerman had probable cause or reasonable suspicion based on articulable facts that Mr. Dawson had engaged in criminal activity, then the traffic stop was reasonable.

Only arguable probable cause is required, meaning that even if Officer Timmerman made a reasonable mistake in arresting Mr. Dawson, if Officer Timmerman had arguable probable cause then the stop is reasonable.

Similarly, if you find that Officer Timmerman had probable cause for seizing Mr. Dawson's vehicle or driver's license, then the seizure is reasonable.

---

Sources: Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990); Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005); Civil Rights Constitutional Claims – Instruction 2.2, Annotations and Comments; Hernandez v. Metro-Dade County, 992 F.Supp. 1365 (S.D. Fla. 1997); U.S. v. Perkins, 348 F.3d 965 (11th Cir. 2003); U.S. v. Smith, 201 F.3d 1317 (11th Cir. 2000); Timmons v. City of Montgomery, Ala., 658 F.Supp. 1086 (M.D. Ala. 1987); Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002)

Jury Charge _____

**State Claim - Conversion**

The Plaintiff in this case has also stated a claim under state law for conversion. A conversion is the exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right.

The defendant denies that he converted plaintiff's property.

The burden of proof is on the plaintiff to reasonably satisfy you from the evidence that the defendant converted the property of the plaintiff as defined for you by exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right.

If you are reasonably satisfied that the plaintiff has proven the defendant converted the plaintiff's property, the plaintiff would further have to prove to your reasonable satisfaction the amount of compensatory damages.

Punitive damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in legal malice, willfulness, insult, or other aggravating circumstances, or where conversion is done in known violation of the plaintiff's rights.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

If you are reasonably satisfied from the evidence that the defendant converted the plaintiff's property and you are further reasonably satisfied from the evidence that the property was returned to the plaintiff prior to trial, the return of such property does not amount to a waiver of any rights to recovery by the plaintiff, but may be considered by you in mitigation or reduction of the plaintiff's damages.

---

Alabama Pattern Jury Instructions, APJI 11.03, Punitive Damages
APJI 39.00 to 39.05

Jury Charge _____

**Discretionary Function Immunity**

Alabama law grants law enforcement officers immunity from state law tort claims arising out of acts committed while performing discretionary functions within the scope of the officer's law enforcement duties.

A state agent is not immune from personal civil liability where he acts "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."

If you find that:

(a) Officer Timmerman was not acting willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law, and

(b) you find that Officer Timmerman committed an action while performing discretionary functions within the scope of his law enforcement duties,

then Officer Timmerman is entitled to immunity as to that action.

---

Sources: Code of Alabama § 6-5-338 (1975); Ex parte Cranman, 792 So.2d 392 (Ala. 2000)

Jury Charge _____

**Nominal Damages**

You may award the Plaintiff nominal damages. Nominal damages consist of a small, trivial, or insignificant sum of money and are given merely to vindicate the defendant's technical violation of plaintiff's rights.

You may award nominal damages where the defendant has violated the rights of the plaintiff, but the plaintiff has offered no proof of harm or where the plaintiff has offered proof of harm but not with sufficient certainty to justify an award of compensatory damages.

Nominal damages should not exceed $1.00.

---

Source: Alabama Pattern Jury Instructions, APJI11.40, Definition – Nominal Damages; Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005), Civil Rights Constitutional Claims – Instruction 2.2, Annotations and Comments; Dawkins v. Huffman, 25 Fed. Appx. 107 (4th Cir. 2001); Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001); 3B Fed. Jury Prac. & Instr. § 166.61 (5th ed. 2001); Carey v. Piphus, 435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980)

Jury Charge _____

**Duty to Mitigate**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

---

Source: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005); Supplemental Damages Instructions – Instruction 1.1

Jury Charge _____

**Punitive Damages**

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's constitutional rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's constitutional rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions he took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

---

Source: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005); Supplemental Damages Instructions – Instruction 2.1

Jury Charge _____

**Attorneys Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.

---

Source: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2005); Supplemental Damages Instructions – Instruction 6.1

Jury Charge _____

**Mental State - Definitions**

Willfulness is the "conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury."

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:
(1) With an intent to injure the person or property of another person or entity, or
(2) Under such circumstances that the law will imply an evil intent.

---

Alabama Pattern Jury Instructions, APJI 11.03, APJI 29.01, Code of Alabama § 6-11-20 (1975)

**SPECIAL INTERROGATORIES TO THE JURY**

Do you find from a preponderance of the evidence:

1. That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested or seized without probable cause and not to be subjected to an unreasonable seizure of one's property?

    Answer Yes or No _____

2. That Officer Timmerman's acts were the proximate or legal cause of damages sustained by the Plaintiff?

    Answer Yes or No _____

Note: If you answered No to either Question No. 1 or Question No. 2, skip the remaining questions and have your foreperson sign this verdict form at the bottom of the next page.

*Addition to the Pattern Instruction:*

3. That Officer Timmerman had probable cause or reasonable suspicion to stop Plaintiff Terance Dawson?

    Answer Yes or No _____

4. That Officer Timmerman told Terance Dawson not to drive his car with the intent to violate a constitutional right of the plaintiff?

    Answer Yes or No _____

5. That Officer Timmerman seized Terance Dawson's driver's license with the intent to violate a constitutional right of the plaintiff?

    Answer Yes or No _____

6. That Officer Timmerman's seizure of Dawson's vehicle reasonable?

    Answer Yes or No _____

7. That Officer Timmerman seized Dawson's driver's license?

    Answer Yes or No _____

8. That, if he did seize Dawson's diver's license, was it reasonable to do so?

    Answer Yes or No _____

> 9. That Officer Timmerman was acting within the scope of his discretionary authority when apprehending Mr. Dawson?
>
>    Answer Yes or No _____
>
> 10. That Officer Timmerman was acting within the scope of his discretionary authority when he seized Mr. Dawson's vehicle?
>
>    Answer Yes or No _____
>
> 11. That Officer Timmerman was acting within the scope of his discretionary authority when he seized Mr. Dawson's driver's license?
>
>    Answer Yes or No _____

12. That the Plaintiff should be awarded damages to compensate for the reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts?

    Answer Yes or No _____

    If your answer was Yes, in what amount? $_____

13. That the Plaintiff should be awarded damages to compensate for the reasonable cost of medical care and hospitalization?

    Answer Yes or No _____

    If your answer was Yes, in what amount? $_____

14. That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

    Answer Yes or No _____

    If your answer was Yes, in what amount? $_____

15. That the Defendant acted with malice or with reckless indifference to the Plaintiff's federally protected rights and that punitive damages should be assessed against the Defendant.

    Answer Yes or No _____

    If your answer was Yes, in what amount? $_____

SO SAY WE ALL.


_____
Foreperson

DATED: _____