IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERANCE DAWSON**, </br>     Plaintiff, </br> </br> v. </br> </br> **CITY OF MONTGOMERY**, and </br> **GUINN TIMMERMAN**, individually, </br>     Defendants. | ) </br> ) </br> ) </br> ) Case No. **2:06-CV-1057-WKW-WC** </br> ) </br> ) </br> ) </br> ) |

## DEFENDANT'S TRIAL BRIEF

COMES NOW Defendant Guinn Timmerman, pursuant to this Court's Pretrial Order (Doc. 49), and respectfully submits this Trial Brief, and says:

### I. ISSUES AT TRIAL

1. The only issues remaining at trial are federal claims of illegal seizure of Plaintiff's person and property under 42 U.S.C. § 1983, and a state law conversion claim.

2. Plaintiff seeks: (A) compensatory damages; (B) $500,000 in punitive damages; (C) legal costs, including attorney's fees; (D) compensatory and punitive damages on the state claim; and (F) other just and proper relief.

### II. FACTS

3. The parties have stipulated to the following facts. (Doc. 49, p. 8-10). This case arises from a traffic stop of Plaintiff by Defendant. Plaintiff Terance Dawson is a former City of Montgomery councilman. Defendant Guinn Timmerman is a sworn police officer, acting at all times relevant under color of law.

4. On the evening of November 26, 2004, Defendant pulled alongside Plaintiff's car, displayed his badge and told Plaintiff to pull over. Each man was alone in his car. Plaintiff parked at a nearby restaurant; Defendant parked close by.

5. Plaintiff then attempted to exit his vehicle and was told by Defendant to remain in the car with his hands on the steering wheel. When Plaintiff took his hands off the steering wheel to answer his cellular phone, Defendant instructed Plaintiff to stay off the phone.

6. Plaintiff asked why Defendant had stopped him, and Defendant responded that he suspected Plaintiff was driving under the influence. Shortly thereafter, two uniformed officers arrived at the scene to assist Defendant. The uniformed officers asked Plaintiff to exit the vehicle and conducted searches of Plaintiff's person and vehicle. Neither search produced any alcohol or illegal drugs.

7. The uniformed officers performed field sobriety tests, which Plaintiff passed. Defendant told Plaintiff to park his car and find another way home. Plaintiff was not arrested or issued any citation.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

8. Plaintiff claims Defendant deprived him of his constitutional rights to be free from illegal seizures of his person and property. Plaintiff also claims Defendant converted his vehicle and driver's license.

#### A. SEIZURE OF PLAINTIFF'S PERSON AND EFFECTS

9. Plaintiff's first claim is that Defendant violated his constitutional right to be free from illegal seizures of his person. Plaintiff avers that the initial traffic stop by Defendant was unreasonable. Plaintiff's second claim is that Defendant violated his constitutional right to be free from illegal seizures of his property. Plaintiff avers that Defendant's seizure of his vehicle or license was unreasonable.

10. The Fourth Amendment guarantees that individuals will be "secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV, made applicable to the States under the Fourteenth Amendment. The Fourth Amendment is not a guarantee against all seizures, but only against unreasonable ones. U.S. v. Smith, 201 F.3d 1317 (11th Cir. 2000).

11.     Probable cause renders a seizure of one's person reasonable. Whren v. United States, 517 U.S. 806, 810 (1996) ("the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"). Likewise, to be constitutional, a seizure of personal property must be accompanied by probable cause or reasonable suspicion. Lindsey v. Storey, 936 F.2d 554, 558 (11th Cir. 1991).

12.     In Alabama, it is a crime to drive while under the influence of "any substance which impairs the mental or physical faculties." Ala. Code §32-5A-191(a) (1975). If Defendant had probable cause, or arguable probable cause, to believe Plaintiff was driving under the influence of such a substance, or of committing any traffic offense, then the subsequent traffic stop was reasonable. Whren, supra; Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002) (only arguable probable cause required; reasonable mistake in arresting plaintiff was not a constitutional violation). Further, because the stop was brief and investigatory, only reasonable suspicion is required to render the stop constitutional. U.S. v. Allison, 953 F.2d 1346 (11th Cir. 1992). Similarly, if Defendant had probable cause or reasonable suspicion to seize Plaintiff's property, then the seizure is permissible.

13.     Qualified immunity shields government officials performing discretionary functions from civil liability if their conduct does not violate a clearly established right of which a reasonable person would have known. See e.g. Harlow v. Fitzgerald, 457 U.S.

3

800, 817-19 (1982). To be shielded by qualified immunity, an official must first show he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Apprehending or investigating a driver for driving under the influence is clearly within the scope of a police officer's discretionary authority.

14. Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity. Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). The plaintiff must show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established at the time of the violation. See e.g. Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002). In determining whether a right is clearly established, the "relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Bashir v. Rockdale County, Ga., 445 F.3d 1323, 1330 (11th Cir. 2006). A constitutional right is clearly established "if controlling precedent has recognized the right in a concrete and factually defined context." Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001).

### B. CONVERSION OF PLAINTIFF'S PROPERTY

15. Plaintiff's final claim is that Defendant is liable for conversion with regard to Plaintiff's vehicle. It is uncontested that Defendant would not permit Plaintiff to use his vehicle. There is a dispute with regard to Plaintiff's driver's license. Plaintiff must prove that any interference with Plaintiff's property rights by Defendant was wrongful.

16. Notwithstanding the factual issue, Defendant is entitled to discretionary

function immunity as provided for peace officers under Code of Alabama §6-5-338. Defendant has met his burden to show that he was performing a discretionary function of his job that would entitle him to immunity. (Doc. 46, p. 21). The burden has now shifted to Plaintiff to prove that Defendant acted willfully, maliciously, fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of the law. Ex parte Cranman, 792 So.2d 392 (Ala. 2000); Sheth v. Webster, 145 F. 3d 1231 (11th Cir. 1998). If Plaintiff cannot do so, Defendant is entitled to immunity with regard to the claim of conversion.

### IV. CONCLUSION

17.    The issues for trial are now substantially limited to the existence of probable cause or reasonable suspicion for the initial traffic stop and subsequent seizure of Plaintiff's vehicle, and as to whether any interference with Plaintiff's property rights was wrongful.

18.    Plaintiff has the burden to prove Defendant is not entitled to qualified or discretionary function immunity.

Respectfully submitted this 17th day of March, 2008.

/s/ Allison H. Highley<br>
Allison H. Highley (HIG024)<br>
Kimberly O. Fehl (FEH001)<br>
Attorneys for Defendant

OF COUNSEL:
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

6

## CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to: Fred F. Bell, 1015 McDonough Street, Montgomery, Alabama 36104.

                                              /s/ Allison H. Highley
                                              Allison H. Highley (HIG024)