IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERANCE DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:06-cv-1057-WKW |
| | ) |
| GUINN R. TIMMERMAN, | ) |
| | ) |
| Defendant. | ) |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the stipulations I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

2

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

With one exception I will explain in a moment, in this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called

them, and the stipulations of the parties.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

The parties have agreed to certain facts that have been stipulated to you. You should therefore treat these facts as having been proved.

In this case the Mr. Dawson claims that the Officer Timmerman, while acting "under color" of state law, intentionally deprived Mr. Dawson of his rights under the Constitution of the United States.

Specifically, Mr. Dawson claims that while the Officer Timmerman was acting under color of state law as a member of the Police Department of the City of Montgomery he intentionally violated Mr. Dawson's constitutional right not to have his property unreasonably seized.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to an unreasonable seizure of one's property.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates Mr. Dawson's rights under the Constitution of the United States.

In order to prevail on this claim, Mr. Dawson must prove each of the following facts by a preponderance of the evidence:

> First: That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be subjected to an unreasonable seizure of his property;

<u>Second</u>:    That in so doing the Defendant acted "under color" of state law; and

<u>Third</u>:    That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The Plaintiff's claim is that there was an unreasonable seizure of his property. As previously stated, the Constitution protects every citizen against "unreasonable" seizures. To establish a Fourth Amendment violation, the plaintiff must first prove that there was in fact a seizure of his property. A seizure is a meaningful interference with a person's property.

If you find that Officer Timmerman seized Mr. Dawson's vehicle or driver's license, then you must determine whether that seizure was reasonable under all the facts and circumstances. The Fourth Amendment "reasonableness" standard carefully balances the governmental versus private interests. In conducting this balancing test, you are to consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

If you should find for Mr. Dawson and against Officer Timmerman, you must then decide the issue of Mr. Dawson's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of Mr. Dawson's damages, you should assess the amount

5

you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Dawson's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover the mental aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Mr. Dawson for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

With respect to the seizure claim, you should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

>   (a)   The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;
>
>   (b)   A reasonable amount to compensate the plaintiff for the unconstitutional detention of his property; and
>
>   (c)   Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damage –

that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you find from a preponderance of the evidence that Mr. Dawson failed to take advantage of reasonable opportunities to mitigate his damages, you should reduce the amount of Mr. Dawson's damages by the amount reasonably attributable to his failure to take advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions he took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such

damages.

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.

The Plaintiff in this case has also stated a claim under state law for conversion. A conversion is the exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right.

The defendant denies that he converted plaintiff's property.

The burden of proof is on the plaintiff to reasonably satisfy you from the evidence that the defendant converted the property of the plaintiff. Conversion is the exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right.

If you are reasonably satisfied that the plaintiff has proven the defendant converted the plaintiff's property, the plaintiff would further have to prove to your reasonable satisfaction the amount of compensatory damages, including loss of the use of the property or other reasonable damages naturally flowing from the conversion of the property.

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case,

and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages you must first award compensatory damages or nominal damages. Further, the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the minds of the jury a firm conviction and a high probability as to the correctness of their conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or a substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

    1.    With an intent to injure the person or property of another person or entity, or

> 2. Under such circumstances that the law will imply an evil intent.

If you are reasonably satisfied from the evidence that the defendant converted the plaintiff's property and you are further reasonably satisfied from the evidence that the property was returned to the plaintiff prior to trial, the return of such property does not amount to a waiver of any rights to recovery by the plaintiff, but may be considered by you in mitigation or reduction of the plaintiff's damages.

Of course, the fact that I have given you instructions concerning the issue of Mr. Dawson's damages should not be interpreted in any way as an indication that I believe that Mr. Dawson should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.