**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **TERANCE DAWSON**, Plaintiff, | ) | |
| v. | ) | Case No. **2:06-CV-1057-WKW-WC** |
| **GUINN TIMMERMAN**, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW, TO ALTER OR AMEND JUDGMENT, OR FOR A NEW TRIAL**

COMES NOW Defendant Guinn Timmerman and respectfully submits this Response to *Plaintiff's Motion for Judgment as a Matter of Law, Alternative Motion to Alter or Amend Judgment, or Motion for a New Trial* (Doc. 64), and says:

1. A jury trial in this matter was held on April 2, 2008, and resulted in a verdict in favor of the Defendant on all claims. Plaintiff has now filed a Rule 50 motion for judgment as a matter of law, or in the alternative, a Rule 59 motion to alter or amend the judgment or for new trial. As his sole ground for these motions, Plaintiff relies on two documents that say Timmerman told Plaintiff not to drive his car, completely disregarding the evidence presented at trial. Plaintiff argues that these quotes satisfy his burden of proof on both claims submitted to the jury.

**A. Judgment as a Matter of Law**

2. In his motion, Plaintiff moves this Court for a Judgment as a Matter of Law on his two claims related to his vehicle, namely his Fourth Amendment claim of illegal seizure and his state law claim of conversion.[1] As grounds, Plaintiff cites Documents 58 and 49 to show that Defendant Timmerman told Plaintiff to get another

[1] Plaintiff has abandoned his claims of illegal seizure of his person and of his driver's license.

ride home. It is undisputed that Defendant Timmerman did not think it would be safe for Plaintiff to operate a vehicle and asked him to get another ride home. At trial, Timmerman testified that he told Plaintiff not to drive his car and that Plaintiff agreed to find another ride home. Timmerman then left the Plaintiff with two uniformed officers. It is undisputed that Plaintiff never spoke with Timmerman about having changed his mind and that as far as Timmerman knew, the issue was resolved.

3. As a threshold issue, a motion for judgment as a matter of law must specify the judgment sought and the law and facts that entitle the movant to the judgment. Fed. R. Civ. Proc. 50(a)(2). Plaintiff has not said what judgment he seeks, nor has he cited any authority for his position, citing only conclusory allegations that the jury verdict "goes against the clear weight of the evidence," despite his total disregard of the trial evidence. Plaintiff has not met the requirements of Rule 50(a) and therefore his motion is due to be denied.

4. Plaintiff Made No 50(a) Motion for Judgment as a Matter of Law. The docket does not reflect that Plaintiff made any motion for judgment as a matter of law, because Plaintiff never did so – Plaintiff only argued against Defendant's two motions at the close of Plaintiff's case and at the close of all evidence. Because Plaintiff made no Rule 50(a) motion, there is no motion to renew under Rule 50(b), and therefore Plaintiff's Rule 50(b) motion is due to be denied.

5. Plaintiff's arguments against Defendant's defenses, although probably related to his own claims, cannot be construed as a Rule 50(a) motion by him, and failure by Plaintiff to make his own motion for judgment as a matter of law on his claims precludes him from later filing a renewed motion for judgment as a matter of law. Federal

Ins. Co. v. Dean Const. Co., 432 F.Supp.2d 1256 (M.D. Ala. N. Div. 2006) (where Plaintiff's failure to file motion for judgment as matter of law on its negligence claim before case was submitted to jury precluded it from filing renewed motion for judgment as matter of law after adverse jury verdict, even though plaintiff filed timely motion for judgment as matter of law on defendants' contributory negligence defense).

6. If the Requisite 50(a) Motion was Made, 50(b) Motion is Limited. Even assuming *arguendo* that Plaintiff had made a proper and timely Rule 50(a) motion at the end of Plaintiff's case in chief, as claimed, Plaintiff would be limited to renewing that motion, which could only be based on evidence brought out through Plaintiff's testimony[2] in Plaintiff's case in chief. Fed. R. Civ. P. 50(b). See e.g. Collado v. United Parcel Service, Co., 419 F.3d 1143 (11th Cir. 2005); Caban-Wheeler v. Elsea, 71 F.3d 837, 842 (11th Cir. 1996).

7. It is uncontested that Plaintiff made no motion for judgment as a matter of law at the close of all evidence, but Plaintiff should have. Plaintiff now argues that the stipulation that Timmerman told Plaintiff to park his car and find another way home wholly satisfies his burden of proof and that there was no evidence at trial that could support the jury's verdict (Doc. 64, p. 3). This argument should have been made but was not. Plaintiff has no excuse for not making a timely Rule 50(a) motion on this issue and should be precluded from making it now.

8. Plaintiff's Motion Fails on the Merits. If this Court finds some reason that Plaintiff's Rule 50(b) motion should not be precluded, then Plaintiff still fails on the merits of his motion. Judgment as a matter of law should only be granted "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that

[2] Plaintiff had every right to call Timmerman to testify as part of his case in chief but did not do so.

issue." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004); see also Allapattah Services, Inc. v. Exxon Corp., 333 F.3d 1248 (11th Cir. 2003); Softball Country Club-Atlanta v. Decatur Federal Sav. and Loan Ass'n, 121 F.3d 649 (11th Cir. 1997). In applying the standard governing motions for judgment as a matter of law, the court examines the evidence in a light most favorable to the non-moving party. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092 (11th Cir. 2005).

9. Particularly when viewed in the light most favorable to the defendant, Plaintiff cannot show that there was no legally sufficient evidentiary basis for the jury to find for the Defendant. Plaintiff argues that the only evidence required to prove both of these claims is that Defendant Timmerman told Plaintiff to get another ride home (again, disregarding the evidence adduced at trial). This is not the case.

10. On his Constitutional claim, Plaintiff had the burden to prove that Defendant Timmerman intentionally violated Plaintiff's constitutional right not to have his property unreasonably seized. (Doc. 60, p. 4). To establish a Fourth Amendment violation, Plaintiff had to first prove there was in fact a seizure of his property. Assuming he proved that fact at trial, either through testamentary evidence or with the statements upon which he bases this motion, the issue of reasonableness remains. Only unreasonable seizures are unlawful. Evidence was adduced at trial that the vehicle seizure was, in fact, reasonable. A reasonable jury could, and did, apply the law to the trial evidence that the seizure was reasonable, finding in favor of the Defendant. Thus, Plaintiff is not entitled to judgment as a matter of law on the Constitutional claim because Plaintiff has not shown the requisite insufficiency of evidence.

11. On the conversion claim, the Plaintiff had the burden to prove Defendant Timmerman exercised dominion over the vehicle to the exclusion or in defiance of the Plaintiff's right of possession. (Doc. 60, p. 8 and Doc. 61, p. 2). There are two factual issues here, namely whether Defendant Timmerman exercised dominion over the vehicle and whether Plaintiff at that time had a right of possession. Evidence was adduced at trial that Defendant Timmerman did not feel Plaintiff could safely operate his vehicle and that Timmerman told Plaintiff to find another ride home. There was also evidence that Plaintiff agreed to find another way home and that Timmerman considered the situation over and left Plaintiff with two uniformed officers. Thus there was a question of fact, within the province of the jury, as to whether Timmerman exercised dominion over the vehicle. There is also a question as to whether Plaintiff had a legitimate right to possession of his vehicle under the circumstances. Again, a reasonable jury could, and did, apply the law to the trial evidence, finding in favor of the Defendant. Thus, Plaintiff is not entitled to judgment as a matter of law on the state conversion claim because Plaintiff has not shown the requisite insufficiency of evidence.

12. Finally, although this is a matter for the Court and not the jury, under the circumstances, the evidence showed that Defendant was entitled to qualified immunity on the constitutional claim and discretionary function immunity from state tort liability because Timmerman acted reasonably within the scope of his law enforcement duties and there was no evidence that Timmerman acted willfully, maliciously, fraudulently, in bad faith, beyond his authority or under mistaken interpretation of the law.

**B. Motion to Alter or Amend Judgment or for New Trial**

13. Plaintiff also moves this Court to alter or amend the judgment, but does

not say how he would like the judgment to be changed. The only ground he states in support of this motion is his conclusory statement that "the Plaintiff was so seriously prejudiced by the jury's verdict that he was deprived of a fair trial" (Doc. 64, p. 3) and that "either a judgment as a matter of law on these issues, an alteration or amendment of the jury's verdict, or a new trial is therefore necessary to prevent a miscarriage of justice in this case" (Doc. 64, p. 4). Because Plaintiff's sole argument in support of this motion is that he was entitled to judgment as a matter of law on the vehicle charges based on the subject stipulation alone, and because that argument is incorrect, Plaintiff has not shown he is entitled to an alteration or amendment of the Judgment or that he should be granted a new trial.

14. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007), quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999). Plaintiff has submitted no newly-discovered evidence. As set forth above, there were no manifest errors of law or fact. Plaintiff had no objections to the jury instructions administered at trial and has claimed no error on the part of the Court. There were no manifest errors of fact, nor does Plaintiff allege any. Plaintiff's Rule 59 motions are due to be denied.

**C. Conclusion**

15. For all of the reasons set forth above, Plaintiff is not entitled to judgment as a matter of law. Nor is Plaintiff entitled to have the Judgment altered or amended. Plaintiff has stated no grounds that would justify a new trial.

WHEREFORE, premises considered, Defendant respectfully requests that Plaintiff's motions for judgment as a matter of law, for the Judgment to be altered or

amended, and for a new trial be DENIED, and that the Judgment (Doc. 64) entered in this case remain in full effect as the Final Judgment in this case.

Respectfully submitted this 24th day of April 2008.

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Kimberly O. Fehl (FEH001)
Attorneys for Defendant

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, I sent a copy of the foregoing to the Plaintiff via U.S. mail, first-class postage pre-paid to:

Fred F. Bell, Esq.
1015 South McDonough Street
Montgomery, Alabama 36104

/s/ Allison H. Highley
Of Counsel