IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERANCE DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:06-cv-1057-WKW |
| | ) |
| GUINN R. TIMMERMAN, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

This cause is before the court on the Plaintiff's Motion for Judgment as a Matter of Law, Alternative Motion to Alter or Amend Judgment, or Motion for New Trial (Doc. # 64) filed on April 14, 2008. The defendant responded (Doc. # 66) in opposition on April 24, 2008. For the reasons set forth below, the plaintiff's motions are due to be denied.

*A.   Judgment as a Matter of Law - Rule 50*

On April 2, 2008, a jury returned a verdict for the defendant on the plaintiff's two counts that made it to the jury: illegal seizure of the plaintiff's driver's license and/or vehicle and conversion of the plaintiff's vehicle. The plaintiff contends that he is entitled to judgment as a matter of law based on two written statements by the defendant. The first is from the defendant's trial brief, which stated, "It is uncontested that Defendant would not permit Plaintiff to use his vehicle." (*See* Doc. # 58, at 4.) The second is the parties' stipulation, which stated, "Defendant Timmerman told plaintiff to park his car and find another way home." (Doc. # 49, at 10.) The plaintiff argues that because of these

statements, the jury's verdict against him "goes against the clear weight of the evidence." (Doc. # 64, at 3.)

The plaintiff's argument fails for multiple reasons. First, a renewed motion for judgment as a matter of law under Rule 50(b) requires an initial motion for judgment as a matter of law before the case is submitted to the jury. Fed. R. Civ. P. 50(b); *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004) ("This Court repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury."). A review of the trial minutes indicates the plaintiff did not move the court for judgment as a matter of law as to his constitutional claim. Therefore, the plaintiff may not bring a renewed motion and it is due to be denied.

Second, even if the plaintiff had properly moved for judgment as a matter of law for both of his remaining claims before the case was submitted to the jury, the motion fails on the merits. Judgment as a matter of law should only be granted "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004). As for the plaintiff's constitutional claim, there was no dispute that the defendant seized his vehicle and the two statements Dawson identifies are consistent with this. The dispute was over whether the defendant had a valid basis for the seizure. The only evidence presented at trial

was the conflicting testimony of the plaintiff and the defendant: Timmerman testified that Dawson drove erratically and that prescription drug containers were in the vehicle; Dawson claimed he did not drive erratically and testified that he did not recall if there were prescription drugs in his vehicle.[1]  The jury chose to credit the legally sufficient testimony of the defendant over that of the plaintiff, and it was not unreasonable for it to do so.

As to Dawson's conversion claim, the court previously stated that under Dawson's version of the facts, he had established a *prima facie* claim for conversion "*[u]nless this was an authorized seizure under the Fourth Amendment.*"  (Doc. # 46, at 20 (emphasis added).)  As the seizure *was* authorized under the Fourth Amendment, Dawson's conversion claim fails.  The conversion claim was premised on it being a "*wrongful* detention or interference with another's property."  *SouthTrust Bank v. Donely*, 925 So. 2d 934, 935 (Ala. 2005) (emphasis added).  Timmerman presented evidence that he had a valid reason for detaining Dawson's vehicle – and that Dawson initially consented to it.  Therefore, there was sufficient evidence before the jury for it to find that any interference with Dawson's vehicle was not wrongful, and the renewed motion for judgment as a matter of law is due to be denied.

**B.**     ***Alter or Amend Judgment or a New Trial - Rule 59***

The plaintiff lumps the same arguments made in support of judgment as a matter of law in with his arguments to alter or amend judgment, or for a new trial.  However, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence

---

[1] This is notably different from Dawson's affidavit where he stated that, "No prescriptions were found in my vehicles or bottles of prescriptions."  (Dawson Aff. at 3.)

that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Charles Alan Wright, *et al.*, 11 Federal Practice & Procedure § 2810.1 (2d ed. 1995). Not only was it possible for Dawson's arguments to have been raised prior to the entry of judgment, they were in fact raised and the evidence is clearly not new. Therefore, it is procedurally inappropriate to grant the plaintiff's requested relief and his motion is due to be denied. Moreover, the plaintiff's assertion that he did not receive a fair trial is wholly unsupported by the record; therefore his motion is due to be denied on substantive grounds as well.

C.  **Conclusion**

Therefore, for the reasons set forth above, it is ORDERED that:

1.  The plaintiff's Motion for Judgment as a Matter of Law (Doc. # 64) is DENIED;

2.  The plaintiff's Alternative Motion to Alter or Amend Judgment (Doc. # 64) is DENIED; and

3.  The plaintiff's Motion for a New Trial (Doc. # 64) is DENIED.

DONE this 18th day of June, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE